# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING DECEMBER 27, 1927.

---

In the Matter of the Application of MARY GLINSKI, Petitioner, for an Order Dissolving Her Marriage with BRONISLAUS GLINSKI, Respondent.

Supreme Court, Oneida County, December 27, 1927.

**Husband and wife — dissolution of marriage — parties resided in Utica when respondent left petitioner — order of publication fatally defective under Rules of Civil Practice, rule 50 — petition for dissolution of marriage dismissed.**

The order of publication in a proceeding pursuant to section 7-a of the Domestic Relations Law to dissolve a marriage between parties residing in Utica when respondent left petitioner, directing that the notice of presentation of the petition therein be published " in the Rome *Daily Sentinel* and in the Boonville *Herald* " is fatally defective, in that it did not comply with the requirements of rule 50 of the Rules of Civil Practice, since said papers were not most likely to give notice to the respondent, if living, and the order of publication did not contain a provision to that effect as required by law.

Since the order of publication was fatally defective, the court acquired no jurisdiction of the proceeding and the petition must be dismissed.

APPLICATION for an order of dissolution of marriage under section 7-a of the Domestic Relations Law.

*Dougherty & Shankenbery*, for the petitioner.

SMITH, J. The petitioner and respondent were married in the city of Utica, N. Y., August 20, 1916, and were residing there when in the year 1917 the respondent left the petitioner. The petitioner resides there now.

Section 7-a of the Domestic Relations Law (added by Laws of 1922, chap. 279) provides: " The court shall thereupon by order require notice of the presentation and object of such petition to be published in the same manner as required for the publication of a summons in an action in the supreme court where service of such summons is made by publication."

Rule 50 of the Rules of Civil Practice provides as follows: " The order for service of a summons by publication must direct that such service be made by publication thereof in two newspapers, in the English language, *designated in the order as most likely to give notice to the defendant to be served,* for a specified time, not less than once in each of six successive weeks."

The order of publication granted herein provides: " That notice of the presentation of said petition and the object thereof be published in accordance with law in the Rome *Daily Sentinel* and in the Boonville *Herald,* two newspapers published in the County of Oneida, once in each of six successive weeks."

It is obvious that the Boonville *Herald* and the Rome *Daily Sentinel* were not papers most likely to give notice to the respondent, if living; nor did the order of publication contain a provision to that effect as required by the law. The order was fatally defective in this respect, and, therefore, the court acquired no jurisdiction. The provision of the Domestic Relations Law authorizing the granting of an *order* of dissolution of marriage, is unique in our jurisprudence; such an order should only be granted when there has been strict compliance with every requirement of the statute.

The petition should, therefore, be dismissed, without prejudice. Ordered accordingly.